# SETTLEMENT AGREEMENT AND
# FULL AND FINAL MUTUAL RELEASE OF ALL CLAIMS

THIS AGREEMENT is entered by and between **ROSEMAIRE AMBROSIO** her successors, beneficiaries, personal representatives, and heirs (hereinafter "Plaintiff") and **CARE AUTO ENTERPRISE, INC. f/k/a BUDGET AUTO ENTERPRISE, INC and ABRAHAM LEVY**, their officers, directors, employees, agents, parent corporations, subsidiaries, affiliates, divisions, successors, assigns, beneficiaries and heirs (hereinafter collectively referred to as "Defendants").

WHEREAS, on or about November 14, 2016, Plaintiff filed a lawsuit against the Defendants in the United States District Court, Southern District of Florida, *Rosemarie Ambrosio v. Care Auto Enterprise, Inc. f/k/a Budget Auto Enterprise, Inc., and Abraham Levy,* **Case No. 16-cv-62675**, pending before the United States District Court for the Southern District of Florida (hereinafter referred to as the "Litigation");

WHEREAS, Plaintiff, among other things, claims she was entitled to, but did not receive from the Defendants, certain compensation allegedly owed to her pursuant to the Fair Labor Standards Act of 1938 ("FLSA") as amended (the "Alleged Compensation Amount");

WHEREAS, Defendants dispute and deny that the Plaintiff is entitled to receive the Alleged Compensation Amount or any part thereof and claims that Plaintiff has been paid all wages due to her by Defendants;

WHEREAS, there remain bona fide disputes between Defendants and Plaintiff as to whether Plaintiff is entitled to receive the Alleged Compensation Amount, any other compensation, or any part thereof; and

WHEREAS, in order to avoid the further costs and burdens of litigation, the Defendant and Plaintiff now desire to settle fully and finally any and all differences between them, including, but not limited to, those differences embodied in the Litigation.

NOW, THEREFORE, the Defendants and Plaintiff, incorporate the above-listed recitals and agree as follows:

1. For and in consideration of the promises outlined in Paragraph 2 of this Agreement, the parties agree as follows:

   A. **Mutual General Release.** To settle any and all claims and actions of any nature whatsoever between Plaintiff and Defendants (collectively referred to as the "Released Parties"), the Released Parties release and forever discharge each other of and from all and any manner of actions, causes of actions, suits, rights to attorney fees, debts, claims and demands whatsoever in law or equity by reason of any matter, cause or thing whatsoever, and particularly, but without limitation of the foregoing general terms, by reason of any claims or actions arising from Plaintiff's employment or separation from employment with Defendants, or

1

**EXHIBIT A**

      related to the transactions or matters which are the subject matter of the civil complaint filed by Plaintiff **Case No. 16-cv-62675** filed with the United States District Court of the Southern District of Florida, including without limitation any claims arising from any alleged violation of any and all federal, state, or local laws, including the Fair Labor Standards Act, Employee Retirement Income Security Act of 1974, the Civil Rights Acts of 1866, 1871, 1964, and 1991, the Rehabilitation Act of 1973, the Equal Pay Act of 1963, the Vietnam Era Veterans' Readjustment Assistance Act of 1974, the Occupational Safety and Health Act, the Immigration Reform and Control Act of 1986, the Americans with Disabilities Act, the Age Discrimination in Employment Act of 1967, the Older Workers' Benefit Protection Act, and the Florida Civil Rights Act. This is not a complete list, and the Released Parties waive and release all similar rights and claims under all other federal, state and local discrimination provisions and all other statutory and common law causes of action relating in any way to Plaintiff's employment or separation from employment with Defendants, or otherwise, and whether such claims are now known or unknown to either party, from the beginning of the world to the effective date of this Agreement. The Defendants agree and specifically acknowledge, however, that Plaintiff is not releasing or waiving any claims or remedies that may not be waived as a matter of law.

B. To enter into and file a Joint Motion to Approve Settlement with the Court to retain jurisdiction to enforce the terms of the settlement.

C. To agree and acknowledge that this settlement is the compromise of a disputed claim and does not constitute an admission by Released Parties of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiff's rights or of any duty owed by Defendants to Plaintiff or by Plaintiff to Defendants.

D. That the below-referenced amount paid by Defendants represents a sum to which Defendants assert Plaintiff would not be entitled absent this Agreement. That Plaintiff would not have agreed to dismiss the Litigation unless she would receive the amounts paid by Defendants.

E. Not to disclose the existence of this claim or contents of this Agreement to anyone except the attorney representing Plaintiff in this matter, Plaintiff's tax advisors, accountants, lenders, or her spouse, who, in turn, shall also agree not to disclose this Agreement to any third parties except as compelled by force of law. In the event Plaintiff is compelled by force of law to disclose the contents of this Agreement, Plaintiff agrees that notice of receipt of the judicial order or subpoena shall be immediately communicated to Released Parties telephonically and confirmed immediately thereafter in writing so that Released Parties will have the opportunity to assert what rights they may have in non-disclosure prior to any response to the order or subpoena. Notwithstanding the above, Defendants acknowledge that the Agreement is being filed with the Court in this Litigation and the existence of this claim or contents of this Agreement will be available to

**EXHIBIT A**

anyone that can obtain access to the Agreement.

2. For and in consideration of the promises made by Plaintiff in Paragraph 1 of this Agreement, Defendants agree to pay Plaintiff the total consideration of Eight Thousand Five Hundred Dollars and 00/100 Dollars ($ 8,500.00). Payments will be delivered to Elliot Kozolchyk., **Koz Law, P.A.** 320 S.E. 9th Street, Fort Lauderdale, FL 33316. Payments will be made as follows:

   a) one check made payable to **Plaintiff** in the amount of One Thousand Nine Hundred Seventy-Five Dollars ($1,975.00) with no withholdings or deductions and an IRS Form 1099 issued to Plaintiff, intended to compensate Plaintiff for wages, liquidated damages, and any other recoverable damages delivered on or before June 1, 2017;

   b) one check made payable to **Plaintiff** in the amount of One Thousand Nine Hundred Seventy-Five Dollars ($1,975.00) with no withholdings or deductions and an IRS Form 1099 issues to Plaintiff, intended to compensate Plaintiff for wages, liquidated damages, and any other recoverable damages delivered on or before July 1, 2017;

   c) two checks made payable to Plaintiff's counsel, **Koz Law, P.A.** as follows:

      i. one check in the amount of Two Thousand Two Hundred Seventy-Five Dollars ($2,275.00) delivered on or before June 1, 2017; and

      ii. one check in the amount of Two Thousand Two Hundred Seventy-Five Dollars ($2,275.00) delivered on or before July 1, 2017;

   with no withholdings or deductions and an IRS Form 1099 issued to **Koz Law, P.A.**, intended to compensate Plaintiff's counsel for attorney's fees and costs related to the litigation.

   d) Plaintiff is responsible for Plaintiff's tax liability incurred from receipt of taxable income pursuant to this agreement; and

   e) Time is of the essence. Should Defendants fail to timely make payments of the settlement funds pursuant to paragraph (2) of this Agreement, Plaintiff's counsel shall give written notice to Defendants' counsel, Jacob Auerbach, Esq. (email notice to Jauerbach@gallup-law.com is sufficient) that payment has not been timely received. In the event Defendants fail to cure said breach within three (3) days from the date written notice of the default was sent, Plaintiff shall be entitled to $30,000.00, against all Defendants, jointly and severally, offset by any payment(s) previously made pursuant to Paragraph (2) of this Agreement. Any payments made after the expiration of the three (3) day cure period are not a defense to prevent triggering the default. A "payment" is deemed to have been made when a check is delivered to Plaintiff's counsel by or on behalf of

3

**EXHIBIT A**

Defendants, unless the check does not successfully clear after being deposited. The prevailing party shall be entitled to reasonable attorneys' fees and costs incurred in connection with enforcement of payment terms of this Agreement including post-judge attorneys' fees and costs incurred in collections.

f) All funds received by Plaintiff's counsel pursuant to sections 2(a), 2(b), and 2(c) above shall be held in trust until the Court approves the settlement. If the Court does not approve the settlement, and any party declares an impasse to further settlement discussions, Plaintiff's counsel shall return to Defendants all funds held in trust pursuant to this agreement.

3. Each of the parties agree to avoid disparaging remarks concerning any matter relating to their reciprocal activities in association with the employment of Plaintiff or in regard to the subject matter of Plaintiff's claims in the litigation. Defendants agree to provide a neutral job reference to any prospective employer of Plaintiff. All requests for references shall be directed to Defendants in c/o Abraham Levy, 1985 S. Park Road, Hallandale, FL 33009, tel: 954-963-3233.

4. Plaintiff agrees and promises that she shall not apply and/or re-apply for employment with Released Parties or any of their affiliated companies.

5. Plaintiff agrees and promises that she will not, encourage or otherwise assist in any way any individual, company, or agency in any claim against Defendants, unless, and only pursuant to a lawful subpoena issued to Plaintiff. If such a subpoena is issued, Plaintiff will immediately notify Released Parties and provide them with a copy of the subpoena.

6. In the event that Plaintiff or Defendants commence an action for damages, injunctive relief, or to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of reasonable attorney's fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

7. Plaintiff and Defendants agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

8. This Agreement supersedes all prior agreements and understandings between Plaintiff and Defendants. No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by Plaintiff and an authorized representative of Defendants.

9. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or

4

**EXHIBIT A**

provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the parties.

10. The law governing this Agreement shall be that of the United States and the State of Florida. The parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation.

11. Plaintiff certifies that she has fully read, negotiated, and completely understands the provisions of this Agreement, that Plaintiff has consulted with her attorney before signing the Agreement, and that Plaintiff is freely and voluntarily, and without duress, coercion or undue influence signing this Agreement.

12. This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Emailed or faxed transmissions and/or copies of the signature block shall be deemed enforceable.

13. Notwithstanding any other provision of this Agreement to the contrary, the Defendants and Plaintiff agree that:

    (a) By entering into this Agreement, the parties do not waive rights or claims that may arise after the date this Agreement is executed.

    (b) This Agreement does not affect the rights and responsibilities of the U.S. Equal Employment Opportunity Commission (the "EEOC") or like agencies to enforce the ADEA and other laws, and will not affect or be used to interfere with the Plaintiff's protected right to file a charge or participate in an investigation or proceeding conducted by the EEOC or like agencies. The Plaintiff further agrees that he knowingly and voluntarily waives all rights or claims (that arose prior to his execution of this Agreement) that she may have against the Defendants, to receive any benefit or remedial relief (including, but not limited to, reinstatement, back pay, front pay, damages, and attorneys' fees) as a consequence of any discrimination charge filed with the EEOC, or of any litigation concerning any facts alleged in any such charge.

14. Plaintiff by signing below, expressly represents and warrants that she:

(a) Has carefully read this agreement or has had it read to her;
(b) Fully understand the terms, conditions, and significance of this agreement;
(c) Has had ample time to consider and negotiate this agreement;
(d) Has had a the full opportunity to review this agreement with her attorneys (**Koz Law, P.A.**) and have done so; and
(e) Has executed this agreement voluntarily, knowingly, and with the advice of their attorneys.

# EXHIBIT A

DATE: 6/2/17   Signature: *Rosemarie Ambrosio*
ROSEMARIE AMBROSIO

DATE:_____   Signature: _____
ABRAHAM LEVY individually and on behalf of CARE AUTO ENTERPRISE, INC. f/K/A BUDGET AUTO ENTERPRISE, INC.

**EXHIBIT A**

DATE:_____   Signature: _____
ROSEMARIE AMBROSIO

DATE: 5/25/17   Signature: _____
ABRAHAM LEVY individually and on behalf of CARE AUTO ENTERPRISE, INC. f/k/a BUDGET AUTO ENTERPRISE, INC.

5/24/2017 12:25 PM   FROM: HL Law Group HL Law Group   TO: 954-986-6650   PAGE: 007 OF 007

**EXHIBIT A**